

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00197-CR

---

FERNANDO SANTOS, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 276th District Court
Titus County, Texas
Trial Court No. CR21425

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

A Titus County jury found Fernando Santos guilty of aggravated sexual assault of a six-year-old child, a first-degree felony, which occurred in 2012, and sentenced Santos to life imprisonment, with a $10,000.00 fine. *See* TEX. PENAL CODE ANN. § 22.021.

In his sole point of error on appeal, Santos argues that the jury charge on punishment erroneously advised jurors that his parole eligibility could be hastened by the award of good-conduct time and then invited the jurors to consider the existence of good-conduct time when assessing his sentence. The State concedes the error. Even so, we find that Santos was not egregiously harmed by the trial court's jury instruction. Consequently, we affirm the trial court's judgment.

## I.     Standard of Review

"We employ a two-step process in our review of alleged jury-charge error." *Murrieta v. State*, 578 S.W.3d 552, 554 (Tex. App.—Texarkana 2019, no pet.) (citing *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994)). "Initially, we determine whether error occurred and then evaluate whether sufficient harm resulted from the error to require reversal." *Id.* (quoting *Wilson v. State*, 391 S.W.3d 131, 138 (Tex. App.—Texarkana 2012, no pet.) (citing *Abdnor*, 871 S.W.2d at 731–32)).

"[T]he jury is the exclusive judge of the facts, but it is bound to receive the law from the court and be governed thereby." *Id.* (alteration in original) (quoting TEX. CODE CRIM. PROC. ANN. art. 36.13). "A trial court must submit a charge setting forth the 'law applicable to the

case.'" *Id.* (quoting *Lee v. State*, 415 S.W.3d 915, 917 (Tex. App.—Texarkana 2013, pet. ref'd) (quoting TEX. CODE CRIM. PROC. ANN. art. 36.14)).

> The purpose of the jury charge . . . is to inform the jury of the applicable law and guide them in its application. It is not the function of the charge merely to avoid misleading or confusing the jury: it is the function of the charge to lead and prevent confusion.

*Id.* (quoting *Lee*, 415 S.W.3d at 917 (quoting *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007))).

"The level of harm necessary to require reversal due to jury charge error is dependent upon whether the appellant properly objected to the error." *Id.* at 555 (citing *Abdnor*, 871 S.W.2d at 732). When, as here, the defendant "did not object to the charge, we will not reverse [the judgment] unless the record shows the error resulted in egregious harm." *Id.* (citing *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005)). "Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Id.* (quoting *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007)). "[T]he record must show that a defendant has suffered actual, rather than merely theoretical, harm from jury instruction error." *Ngo*, 175 S.W.3d at 750 (citing *Dickey v. State*, 22 S.W.3d 490, 492 (Tex. Crim. App. 1999)).

## II. Santos Was Not Egregiously Harmed by Jury Charge Error

The trial court's charge on punishment included the following language, which forms the basis of Santos's appellate complaint:

> Under the law applicable in this case, the Defendant, if sentenced to a term of imprisonment, may earn time off the sentence imposed through the award of good[-]conduct time. Prison authorities may award good[-]conduct time to a

3

prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good[-]conduct time earned by the prisoner.

. . . .

It cannot be accurately predicted how the parole law and good[-]conduct time might be applied to this Defendant if he is sentenced to a term of imprisonment because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good[-]conduct time. However, you are not to consider the extent to which good[-]conduct time may be awarded to or forfeited by this particular Defendant. You are not to consider the manner in which the parole law may be applied to this particular Defendant. . . .

The trial court's jury charge mirrored the language of a former version of Article 37.07, Section 4(a) of the Texas Code of Criminal Procedure, which was effective at the time of Santos's 2012 offense. *See* Act of May 26, 1985, 69th Leg., R.S., ch. 576, § 1, sec. 4(a), 1985 Tex. Gen. Laws 2195, 2195 (numerous amendments) (current version at TEX. CODE CRIM. PROC. art. 37.07, § 4(a) (Supp.)). However, in 2019, the Legislature amended Section 4(a) to remove any mention of good-conduct time and further clarified that "[t]he change in law made by this Act applies to a defendant sentenced for an offense on or after the effective date of this Act, regardless of when the offense was committed." *See* Act of May 15, 2019, 86th Leg., R.S., ch. 260 § 1, sec. 4(a), § 2, 2019 Tex. Gen. Laws 446, 446, 448. Thus, as the State concedes, the jury charge was erroneous. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(a); TEX. GOV'T CODE ANN. § 508.145(d)(1)(A), (d)(2) (Supp.) (stating that parole eligibility must be assessed "without consideration of good[-]conduct time").

4

Turning to the issue of "egregious harm, we consider (a) the jury charge as a whole; (b) the state of the evidence, including contested issues and the weight of probative evidence; (c) arguments of counsel[;] and (d) any other relevant information in the record." *Riley v. State*, 447 S.W.3d 918, 925 (Tex. App.—Texarkana 2014, no pet.) (citing *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006)).

In reviewing the first factor, we note that even though the jury charge instructed the jury that it could consider the existence of good-conduct time, it then admonished the jury that it was not to consider the extent to which "good[-]conduct time may be awarded to or forfeited" by Santos. We must presume that the jury followed the jury instructions. *See Taylor v. State*, 332 S.W.3d 483, 492–93 (Tex. Crim. App. 2011); *Murrieta*, 578 S.W.3d at 556. For this reason, "[t]he Texas Court of Criminal Appeals has recognized that such curative instructions can, in combination with other factors, cure error." *Simon v. State*, No. 06-25-00093-CR, 2026 WL 1129772, at *6 (Tex. App.—Texarkana Apr. 27, 2026, no pet.) (mem. op., not designated for publication) (citing *Igo v. State*, 210 S.W.3d 645, 647 (Tex. Crim. App. 2006)); *see Murrieta*, 578 S.W.3d at 556; *see also Holiness v. State*, No. 06-21-00038-CR, 2021 WL 4483519, at *8 (Tex. App.—Texarkana Oct. 1, 2021, pet. ref'd) (mem. op., not designated for publication). Consequently, we find that the first factor weighs against finding egregious harm.

Second, the state of the evidence was strong, showing that Santos sexually abused his child victims for many years,[1] and "Santos concedes that the testimony of State's witnesses painted a harrowing picture of the offense Santos was charged with committing, as well as

---

[1]Santos argued, "I totaled up those years that the[ children] suffered in silence and I come up with fifteen years."

5

testimony of a similar extraneous[-]sexual assault" against another seven-year-old child. We further note that a sentence of life imprisonment is not unusual for Santos's offense. *See Price v. State*, 594 S.W.3d 674, 676 (Tex. App.—Texarkana 2019, no pet.); *Minter v. State*, 570 S.W.3d 941, 942 (Tex. App.—Texarkana 2019, no pet.). As a result, the second factor weighs against a finding of egregious harm.

Third, the arguments of counsel did not mention good-conduct time. Instead, the State's arguments focused on Santos's actions. As a result, the arguments of counsel do not weigh in favor of finding egregious harm.

Next, the fourth factor considers any other circumstances in the record. One such circumstance courts often look at is whether the jury made any inquiry about good-conduct time or sought clarification regarding the charge. *See Alaniz v. State*, 648 S.W.3d 657, 664 (Tex. App.—Eastland 2022, no pet.); *Murrieta*, 578 S.W.3d at 556. Here, the record reveals no jury notes regarding good-conduct time or parole. Thus, nothing suggests that the jury was influenced or misled by the instructions in the punishment charge.

After evaluating the relevant factors, we find that nothing in the record before us shows Santos suffered actual, rather than theoretical, egregious harm. As a result, we overrule Santos's sole point of error.

## III.    Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:    August 10, 2026
Date Decided:      August 11, 2026

Do Not Publish